UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1201 (UNA) |
| | ) | |
| CSOSA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court construes the complaint as one against the Court Services and Offender Supervision Agency ("CSOSA"), and against a Case Service Administrator and Court Supervision Officer in their official capacities, alleging a violation of plaintiff's Fifth Amendment right to due process by, for example, imposing a curfew and scheduling mandatory appointments which conflict with employment opportunities he has secured or could have secured as a professional musician. Plaintiff demands an award of $100,000 for lost income.[1] The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

Insofar as plaintiff brings a *Bivens* claim, the claim fails. Although CSOSA "provide[s] supervision . . . for offenders on probation, parole, and supervised release pursuant to the District

---

[1] Plaintiff refers to statutes barring discrimination in employment based on a person's race, gender, age, and other characteristics. It does not appear that plaintiff and CSOSA have an employment relationship, and the Court concludes that the complaint fails to state an employment discrimination claim.

of Columbia Official Code," D.C. Code § 24–133(c)(1), CSOSA is a federal government entity, *see* D.C. Code § 24–133(a) (establishing CSOSA "within the executive branch of the Federal Government"). Absent an express waiver, sovereign immunity bars any claim for money damages against CSOSA and its employees. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *Jordan v. Quander*, 882 F. Supp. 2d 88, 97 (D.D.C. 2012); *Johnson v. Williams*, 699 F. Supp. 2d 159, 166 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010) (per curiam). If, alternatively, plaintiff intends to bring a tort claim against CSOSA, it also fails because the United States "has not rendered itself liable under [the Federal Tort Claims Act] for constitutional tort claims." *Johnson*, 2010 WL 4340344, at *1 (quoting *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)).

    An Order is issued separately.

DATE: June 6, 2022

/s/
DABNEY L. FRIEDRICH
United States District Judge